JOSEPH HEILBRUN, Respondent, v. C. ED. JEN-
NINGS, Appellant.

Kansas City Court of Appeals, May 25, 1908.

APPELLATE AND TRIAL PRACTICE: Default: Bankruptcy: Mo-
tions: Exceptions. The record relating to a default in a trial
court and the bankruptcy of the defendant and motions to set
aside the default with the accompanying affidavits, are reviewed
and held that the judgment can only be affirmed, the more es-
pecially since the motion to set aside the default was accom-
panied only by affidavit instead of the record of the Federal
court.

Appeal from Jackson Circuit Court.—*Hon. John G.
Park,* Judge.

AFFIRMED.

*Ed. E. Aleshire, R. T. Herrick* and *S. S. Gundlach*
for appellant.

If the trustee be notified to prosecute the action,
and refuses or fails to do so, then the bankrupt, to
preserve his property, may continue the prosecution of
the action in his own name. In support of this decla-
ration of the law, we cite the following authorities:
Towle v. Rowle, 58 N. H. 394; Hubbard v. Gould, 74 N.
H. 25; Cook v. Coyle, 113 Mass. 25; Collier v. Hunter,
27 Ark. 74; Cannon v. Welford, 22 Grattan 195; Lacy
v. Brockett, 11 Ala. 1002; Bailey v. Smith, 10 R. I. 29;
Dammonds v. White, 48 Cal. 439.

*Imbrie & Brown* for respondent.

ELLISON, J.—This action was begun before a jus-
tice of the peace, where plaintiff had judgment. De-
fendant appealed to the circuit court. The cause came
on for hearing in the latter court and defendant not ap-

pearing, judgment was rendered for the plaintiff by default.

Afterwards a motion was made to set aside the default on the ground that after the judgment against defendant before the justice the plaintiff was declared a bankrupt in the United States District Court for the Western District of Missouri and Isaac P. Ryland, Esq., was appointed trustee in bankruptcy. That plaintiff had failed to list his judgment in this case before the justice. That the circuit court had no jurisdiction of this cause without the substitution of Ryland as trustee. This motion was overruled and defendant excepted.

Afterwards a motion was made to set aside the default for the reason that the attorneys overlooked the day the cause was set for trial. This motion is accompanied by such a mixture of dates that we cannot tell what should have been done with it; and can only say that the matters therein alleged address themselves to the discretion of the trial court, which we cannot say was abused in this instance. The motion appears to have been supported by an affidavit made on the 12th of October, 1907, yet the motion itself seems to have been passed on by the court on the 12th of July preceding. It furthermore appears that the only appeal taken was granted on April 12th preceding, thereby being ahead of the court's ruling.

Going back to the first motion to set aside default on account of bankruptcy proceedings, we find that the affidavit to such motion was made on July 2, 1907. It was overruled on July 6, 1907, and the appeal was taken some *three months before,* on April 12, 1907. Though exceptions were taken there is no showing of a bill being filed.

But aside from the foregoing, the motion itself is not accompanied by proper evidence to prove its allegations. It is accompanied by an affidavit, it is true;

but the way to have addressed the trial court would have been through a transcript of the record of the federal court.

From the whole record we can only affirm the judgment.    All concur.